ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT D. BECKER, )<br>)<br>Defendant. )<br>) | Case No. 09-40008-01-JAR |

## MEMORANDUM AND ORDER

Before the Court is defendant Scott Becker's Motion for Reconsideration of Pretrial Release (Doc. 111). The government has responded and opposes the motion. The Court has reviewed the briefs and the oral arguments presented to the Court at the March 23, 2010 hearing and is prepared to rule. As described more fully below, defendant's motion is granted.

*Background*

The Indictment in this case alleges thirty-three counts of theft, embezzlement and misapplication by a bank officer and employee pursuant to 18 U.S.C. §§ 2 and 656 and one count of conspiracy to commit theft, embezzlement and misapplication by a bank officer and employee. Defendant was arrested on February 25, 2009 in Pensacola, Florida. United States Magistrate Judge Miles Davis in the Northern District of Florida ordered detention pending trial, finding by a preponderance of the evidence that there is no condition or combination of conditions of release that will assure defendant's attendance at trial if he were released. After his transfer to the District of Kansas, United States Magistrate Judge Sebelius conducted a second detention hearing. In his Order of Detention, Judge Sebelius also found by a preponderance of

the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant, largely joining in Judge Davis's findings. Defendant appealed the detention order and, after two evidentiary hearings, this Court concurred with both of the previous detention orders and found that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required. This Court entered a lengthy opinion detailing its reasoning for this finding on June 17, 2009, relying primarily on the defendant's lack of credibility about his assets and whether he intended to flee the country prior to his arrest in Florida.[1]

In November 2009, defendant filed a Motion to Reduce Obstacles to Trial Preparation, in which he requested the following relief: (1) a diet of sufficient nutritional value to preserve defendant's mental and physical health; and (2) a process by which defendant is able to work effectively with counsel to adequately prepare for trial, specifically, that the Court fashion conditions of release that will permit him to work with his attorney to review discovery and prepare his defense. The Court denied this motion after requesting and obtaining supplemental evidence not presented along with the motion or at the hearing on the motion.

On February 11, 2010, Judge Sebelius issued an Order denying the government's motion to reconsider his decision to appoint counsel.[2] In that Order, Judge Sebelius examined the same evidence considered by this Court from the detention hearings and found that there was insufficient evidence to establish that defendant hid assets or has the financial ability to retain counsel. Judge Sebelius acknowledged that defendant's wife, Brenda Becker, has corporate

---

[1](Doc. 66.)

[2](Doc. 106.)

ownership interests in various real estate holdings but that these are encumbered by *lis pendens*. Since the date of that Order, however, this Court issued an order striking those *lis pendens* as inappropriate pretrial restraints of substitute assets.

On March 23, 2010, this Court conducted a hearing on the instant motion and on defendant's motion to continue the trial date and for additional time to file pretrial motions. The Court granted that motion, finding that the complex nature of this case justified a trial continuance until January 25, 2011. In granting the continuance, the Court acknowledged the voluminous discovery at issue in this matter and the amount of time defendant's counsel required for pretrial preparation given this amount of discovery and the type of case, with which defendant's counsel does not have extensive prior experience.

*Discussion*

The Bail Reform Act provides that a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."[3] However, defendant does not file this as a motion to reopen the hearing. He has filed a motion for reconsideration of the original order.

> Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to

---

[3] 18 U.S.C. § 3142(f).

3

correct clear error or prevent manifest injustice. A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.[4]

Defendant argues that because Judge Sebelius found that defendant is unable to pay for his own attorney, and because of the passage of time, defendant should be released on bond because there are conditions or a combination of conditions that would reasonably assure his appearance at trial. The government responds that defendant does not rely on new information that was unavailable at the time of the detention hearing. Furthermore, the government points out that the standard employed by Judge Sebelius required that all doubts about the ability of defendant to retain counsel should be resolved in defendant's favor, which does not apply to a Court's inquiry on pretrial detention.[5]

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[6] In making this determination, the court must consider the factors found in 18 U.S.C. § 3142(g). Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the

---

[4]*United States v. Carr*, No. 06-40147-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2006) (citations and quotations omitted).

[5]*See United States v. Harris*, 707 F.2d 653, 663 (2d Cir. 1983).

[6]*See* 18 U.S.C. § 3142(b), (c), (e).

person's release.[7] The Court may examine the following factors to assess risk of flight:

> the nature and circumstances of the offense, the defendant's family ties, employment status and financial resources, the defendant's character and mental condition, the length of defendant's residence in the community, any prior criminal record and any flight or failures to appear in court proceedings. Other factors to examine are the use of aliases, unstable residential ties, efforts to avoid arrest and hidden assets.[8]

The burden of proof is on the government to show risk of flight by a preponderance of the evidence.[9]

This Court previously considered the evidence presented at both detention hearings and found that, while the other detention factors pointed toward release, defendant's lack of credibility weighed in favor of detention:

> Weighing all of the evidence set forth above, the Court finds that defendant's lack of credibility about whether he has hidden assets and whether he intended to flee before his arrest in Florida counsels in favor of detention. His explanations for what happened to his highly valued liquidated assets have been a moving target, as have been his explanations for why he was poised to sail away on a boat to Panama just prior to his arrest, despite having knowledge that an indictment was imminent.

The Court considered defendant's poor health and access to counsel when analyzing the motion for review of detention order, but ultimately found that his poor credibility tipped the balance in favor of detention.

Since the Court's June 17, 2009 detention order, there have been a number of developments in this case that warrant reconsideration. Defendant has now been in custody for approximately one year and, due to the complexity of this case, trial is not set until January 25,

---

[7] 18 U.S.C. § 3142(g).

[8] *United States v. Abdullahu*, 488 F. Supp. 2d 433, 439 (D.N.J. 2007).

[9] *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

2011. Furthermore, defendant's counsel has pointed to increasingly difficult barriers to effective trial preparation based on the volume of unorganized document discovery in this case. Counsel requires defendant's assistance to review these documents, and this assistance is limited given defendant's detention.

Even though Judge Sebelius' determination that defendant does not have sufficient finances to retain counsel is not binding on the Court's detention determination—that decision applied a different standard—the Court is nonetheless persuaded that it can set conditions or a combination of conditions that will assure defendant's appearance at trial, even taking into consideration his weak credibility on the issue of his assets. Given that defendant's credibility was the key factor in finding detention was warranted, the Court will fashion the conditions of release to account for the risk that defendant would use hidden assets to flee prior to trial, including but not limited to:

1. Home detention with electronic monitoring;
2. The execution of a bond or agreement to forfeit upon failing to appear the property designated in Docs. 24 and 77;
3. Reporting to the Pretrial Services Office as directed; and
4. Defendant shall not engage in any purchase, sale or transfer involving any real or personal property of a value of $5000 or more, or engage in any monetary transactions of a value of $5000 or more without first notifying the United States Attorney's Office and the United States Probation Office for the District of Kansas, and obtaining the approval of the United States District Court Judge presiding over the case.

In sum, the Court finds that the facts and circumstances giving rise to the Court's finding that no

conditions or combination of conditions would assure defendant's appearance at trial have changed enough to weigh in favor of release, if certain conditions are imposed.  The Court has reviewed the evidence presented at the detention hearing, has considered the lengthy pretrial detention that defendant will be subject to given the trial date, the fact that defendant's wife now has access to unencumbered assets that she may pledge as security for defendant's appearance, and the fact that he will be better equipped to assist counsel in his defense at trial if released with conditions.  For all of these reasons, the Court grants defendant's motion for reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Scott Becker's Motion for Reconsideration of Pretrial Release (Doc. 111) is granted.  The parties shall appear before the Court on **Tuesday, April 6, 2010 at 12:00 p.m.** to execute an unsecured bond for his release, and to acknowledge the Order Setting Conditions of Release.

Dated: April 5, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE