ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| )                              | |
| Plaintiff,                   ) | |
| )                              | |
| v.                           ) | Case No. 09-40008-01-JAR |
| )                              | |
| SCOTT D. BECKER,             ) | |
| )                              | |
| Defendant.                   ) | |
| )                              | |

## MEMORANDUM AND ORDER

Before the Court is the government's Motion to be Provided with Financial Affidavit of Defendant Scott Becker (Doc. 23). Defendant has responded and opposes the motion.[1] The Court has reviewed the briefs is prepared to rule. As described more fully below, the government's motion is granted.

*Background*

On March 9 and 26, 2009, defendant Scott Becker executed financial affidavits (Docs. 6, 20) claiming he was unable to afford counsel and requesting that counsel be appointed to represent him. Based on the information contained in the financial affidavit completed in this district, Judge Sebelius appointed counsel to represent defendant.

Around the same time that defendant appealed the original detention order issued by Judge Sebelius in this matter, the government filed a motion for reconsideration of Judge Sebelius' order granting appointment of counsel and the instant motion. After two evidentiary

---

[1]The response and reply were filed in conjunction with the briefing on the government's motion for reconsideration of appointment of counsel, which was before Judge Sebelius. Judge Sebelius ruled on the motion for reconsideration on February 11, 2010 (Doc. 106).

hearings, this Court denied defendant's appeal of the detention order, finding that there was no condition or combination of conditions that will reasonably assure the appearance of defendant as required. This Court entered a lengthy opinion detailing its reasoning for this finding on June 17, 2009, relying primarily on the defendant's lack of credibility about his assets and whether he intended to flee the country prior to his arrest in Florida.[2] Recently, the Court granted defendant's motion for reconsideration of the detention order and defendant has been released on bond.

On February 11, 2010, Judge Sebelius issued an order declining to reconsider his decision to appoint counsel. Judge Sebelius considered the same evidence presented at the detention hearings and concluded that defendant is financially unable to obtain counsel, as provided in 18 U.S.C. § 3006A.

*Discussion*

The government seeks to discover defendant's financial affidavits, contending that he misrepresented his true financial situation in those forms, despite the warning on the form that "A false or dishonest answer to a question in this affidavit may be punishable by fine or imprisonment, or both." The government seeks discovery of these forms for the sole purpose of investigating and presenting charges concerning material false statements that were made to conceal defendant's holdings and obtain appointment of counsel and maintains that it has no intention of utilizing these forms in the instant case, even for the purpose of impeachment. The government argues that financial affidavits are filed ex parte and under seal in order to protect the privacy of the affiant, not to confer secrecy over false statements. Defendant responds that

---

[2](Doc. 66.)

allowing the government to use these financial affidavits violates defendant's right against self-incrimination, pointing to *United States v. Simmons*,[3] where the Supreme Court held that a defendant's testimony in support of a motion to suppress cannot be used against him at trial because it would be "intolerable that one constitutional right should have to be surrendered in order to assert another."[4]

In *United States v. Peister*,[5] the Tenth Circuit considered whether a defendant's burden to execute a financial disclosure form should be relieved when the defendant asserts that he could not complete the form without incriminating himself. The court held:

> a defendant should not be relieved of this burden when any conflict with the Fifth Amendment right is speculative and prospective only. The time for protection will come when, if ever, the government attempts to use the information against the defendant at trial. We are not willing to assume that the government will make such use or if it does, that a court will allow it to do so.[6]

In a later decision, the Tenth Circuit found that when the government used a financial affidavit against the defendant in the government's case-in-chief, it went beyond a speculative conflict and use of the defendant's statements violated the defendant's Fifth Amendment right against self-incrimination.[7] *United States v. Hardwell* does not dictate the same result here because the issue in this case does not concern use of the financial affidavits as evidence at trial; the government only seeks to discover the documents to investigate charges that defendant made

---

[3]390 U.S. 377 (1968).

[4]*Id.* at 394.

[5]631 F.2d 658 (10th Cir. 1979).

[6]*Id.* at 662.

[7]*United States v. Hardwell*, 80 F.3d 1471, 1484 (10th Cir. 1996).

false statements on the forms, which would be charged separately. Therefore, defendant's contention of a Fifth Amendment conflict is speculative at best, as the government insists that it has no intention of utilizing these documents as evidence against defendant at trial in this case. Even if use immunity was applied, in the event defendant made a showing of a conflict between rights, it would not extend to crimes other than those charged in the underlying criminal case.[8]

Furthermore, unlike *Simmons*, this case does not present the situation where defendant must choose between waiving the Fifth Amendment privilege or invoking the Sixth Amendment right to appointed counsel. "The protective shield of Simmons is not to be converted into a license for false representations on the issue of indigency free from the risk that the claimant will be held accountable for his falsehood."[9] The Court finds that neither *Simmons* nor *Hardwell* dictate denial of the government's motion, as any risk of a conflict between defendant's Fifth Amendment right against self-incrimination and his right to appointed counsel is premature and speculative and because any remedy would not prohibit the government's use of the affidavits in a separate proceeding based on the falsity of the statements made in those affidavits.[10]

In this district, the Administrative Procedures for Filing, Signing and Verifying Pleadings

---

[8]*See United States v. Bryser*, 95 F.3d 182, 186–87 (2d Cir. 1996);

[9]*United States v. Kahan*, 415 U.S. 239, 243 (1979).

[10]This finding is consistent with the Administrative Office's guidance:
> The prosecution and other interested entities may present to the court information concerning the person's eligibility, but the judicial inquiry into financial eligibility shall not be utilized as a forum to discover whether the person has assets subject to forfeiture, or the ability to pay a fine, make restitution, or compensate another person under the Victim/Witness Protection Act or other purposes not related to the appointment of counsel. Such determinations, if appropriate, must be made at other stages of the proceedings in which the person seeking counsel is a party.

7A Administrative Office of the United States Court, Guidelines for Administering the CJA and Related Statutes § 210.40.20(g).

4

and Papers by Electronic Means provides that the Court files initial appointment of counsel forms electronically and they are filed ex parte under seal. The Judicial Conference policy provides: "certain documents in a criminal case should not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access . . . [including] financial affidavits filed in seeking representation pursuant to the CJA.[11] The purpose of this rule is in furtherance of "the policy of the judiciary to protect the private information in case filings, including those that are publicly available over the internet."[12] While defendant's financial affidavits are not part of the public case file, the Court has reviewed the forms and finds no reason to withhold these forms from the government based on privacy concerns.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's Motion to be Provided with Financial Affidavit of Defendant Scott Becker (Doc. 23) is granted. The Clerk is directed to provide a copy of defendant's financial affidavits (Docs. 6, 20) to the government.

**IT IS SO ORDERED.**

Dated: May 12, 2010

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[11] 10 Guide to Judiciary Policy § 340.

[12] *Id.* § 310.10.